UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:11-CR-94
)
LESLIE ASHMORE )

**REPORT AND RECOMMENDATION**

The defendant has filed a motion to dismiss, (Doc. 17), on the basis that he was indicted on November 8, 2011, and there have been no further proceedings since that time.

As the United States concedes in its response, the factual assertions in the motion to dismiss are correct. Initially, defendant was charged in a criminal complaint which was filed on October 20, 2011.[1] On October 21, 2011, defendant appeared before the magistrate judge, and Federal Defender Services was appointed to represent him. On October 24, 2011, detention and preliminary hearings were held, following which the court found probable cause to refer defendant's case to the Grand Jury. Moreover, defendant was ordered detained pending any action of the Grand Jury and, thereafter, his trial on that indictment.

Defendant was indicted on November 8, 2011. Notwithstanding that indictment, the United States Attorneys Office failed to schedule an initial appearance and arraignment (on the indictment) and that is where matters have remained until defendant filed his motion to dismiss.

---

[1] Doc. 3.

18 U.S.C. § 3161(c)(1) provides that, in any case in which a plea of not guilty has been entered, the defendant's trial shall commence "within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer . . ., whichever date last occurs." Here, defendant has not entered a plea of not guilty simply because he has never been brought before the court to do so. Read literally, the seventy-day clock will not begin to run until the defendant is arraigned and enters his plea of not guilty. That reading generates a paradoxical result and flies squarely in the face of the rather clear purpose of the Speedy Trial Act. This puzzler, however, need not be addressed in this case because of the provisions of 18 U.S.C. § 3164 which concerns pretrial detainees: Section 3164(b) provides that the trial of any person who is detained shall commence not later than ninety days following the commencement of his detention. Thus, since this defendant was detained, his Speedy Trial Act clock began running on October 24, meaning that Speedy Trial Act time expired in the latter part of January 2012.

As far as the appropriate sanction is concerned, once again the Speedy Trial Act fails to provide a clear answer. Section 3162(b) provides the sanction to be imposed for violating the time limit of § 3161(c), *which is the section concerning violation of the seventy-day limit applicable to defendants who are not detained*. That sanction is dismissal of the indictment, with or without prejudice. Oddly, the only sanction explicitly applicable to pretrial detainees is the defendant's release from pretrial custody, 18 U.S.C. § 3164(c). That section says nothing about a dismissal of the indictment. Again, this produces an absurd result: the indictment against a defendant who is not detained must be dismissed if he is not brought to

trial within seventy days of the filing of the indictment (or entry of his plea of not guilty), but the Act says nothing about dismissing an indictment against a pretrial detainee for failing to bring him to trial within ninety days; the only stated sanction for a violation of the 90-day clock is releasing the defendant pending his trial.

These oddities notwithstanding, the United States laudably concedes in its response that this indictment should be dismissed. The only question is whether it should be dismissed with prejudice, or without.

Assuming that § 3261(a)(2) provides the sanctions for a violation of the Speedy Trial Act regarding pretrial detainees, as well as non-detainees, that section specifies the factors the court should consider in determining whether the dismissal should be with or without prejudice: the seriousness of the offense; the facts and circumstances of the Speedy Trial Act violation which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice.[2]

## *THE SERIOUSNESS OF THE OFFENSE*

The defendant is charged with being a felon in possession of a firearm. In the panoply of offenses brought before this court, a charge of being a felon in possession of a firearm perhaps is one of the less serious. But in this particular defendant's case, it cannot be categorized so lightly. Defendant has prior multiple convictions for crimes, some of them involving violence. His record includes multiple convictions for grand larceny; multiple

---

[2]The court is required to analyze and discuss these three factors; see, *United States v. Taylor*, 487 U.S. 326, 336-37 (1988).

3

convictions for burglary; multiple convictions for aggravated assault; a conviction for aggravated burglary; and a conviction for attempted aggravated robbery. If convicted on the pending felon in possession charge, he likely will be classified as an armed career criminal, thereby confronting a minimum mandatory sentence of fifteen years up to a possible maximum sentence of life. Under the circumstances just described, the charges against this defendant are serious.

*THE FACTS AND CIRCUMSTANCES WHICH LED TO THE DISMISSAL*

Colloquially stated, this one fell through the cracks. For whatever reason, neither Assistant United States Attorney Bowman nor any of his staff contacted the office of the magistrate judge to schedule an initial appearance and arraignment following the defendant's indictment. It was, in a word, negligence; there was no intent to delay defendant's trial, and the United States clearly gained no tactical advantage by failing to have defendant arraigned on the indictment. Indeed, quite the opposite has occurred; the indictment is to be dismissed and the United States confronts the prospect of the dismissal being with prejudice.

Even a lack of intent on the part of the United States, i.e., negligence, will not preclude a dismissal with prejudice if there has been a pattern of negligence. *See, e.g., United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000). If the United States Attorneys Office has had a pattern of failing to keep up with its own cases, then a dismissal with prejudice would be a reasonable sanction to impose in an effort to get that office's attention. But, lacking any pattern of such conduct here, "punishing" the United States Attorneys

4

Office for what amounts to a first offense seems a bit extreme.[3]

## *THE IMPACT OF A RE-PROSECUTION ON THE ADMINISTRATION OF THE SPEEDY TRIAL ACT AND THE ADMINISTRATION OF JUSTICE*

The Sixth Circuit Court of Appeals has held that "[t]he main consideration that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay, *see Pierce*, 17 F.3d at 4149, and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.' *Id.*" *Howard*, 218 F.3d at 561-62.

This defendant has suffered no actual prejudice, apart from the fact that he has languished in detention for four months. As the United States points out in its brief, the delay in bringing defendant to trial up to this time remains far from a violation of the Sixth Amendment right to a speedy trial. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court held (1) the right to a Speedy Trial is more vague than other constitutional rights and cannot be quantified into a specified number of days or months, and (2) a defendant's claim that he has been denied a speedy trial is subject to a balancing test, in which the conduct of both the prosecution and the defendant are weighed. The factors to be considered are (1) the length of the delay, (2) the reason for that delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice to the defendant. Each

---

[3]This magistrate judge is now in his seventeenth year in this judicial office, and this is the first time this situation has arisen, notwithstanding the extremely heavy criminal caseload in this district, and particularly in this division.

5

case must be decided on an *ad hoc* basis. *Id.*, 407 U.S. at 530. The Supreme Court went on to state:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

*Id.*, at 530.

The Supreme Court noted that "[d]epending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992).

It should be noted that "presumptively prejudicial" does not in any way shift the burden of proof from the defendant to the United States, or create a presumption (in the usual sense) which the United States must rebut. Rather, by "presumptively prejudicial," the Supreme Court was referring to the "triggering mechanism" for the first factor, *viz.*, the length of the delay. If the delay is not "presumptively prejudicial," the court must not inquire into the remaining three factors. In other words, if the delay is not "presumptively prejudicial," then by definition there is no Sixth Amendment speedy trial violation. On the other hand, if the delay is presumptively prejudicial, the court is to go on and analyze the case under the remaining three factors of *Barker* to determine if there was a speedy trial violation. *Doggett, supra.*

The time that has passed to this point is far less than presumptively prejudicial under *Doggett*, as a result of which there has been no Sixth Amendment violation.

6

Not only has there been no Sixth amendment violation, there are *many* criminal defendants now before this court who have been awaiting the trial of their cases for much longer than four months, and without a violation of the Speedy Trial Act, because the excess time has been excluded for one statutory reason or another.

Lastly, there has been no prosecutorial misconduct. The United States Attorneys Office was negligent, nothing more. As already discussed in the section preceding, that office has no pattern of failing to bring cases to trial; this case is a first.

It is respectfully recommended that defendant's motion (Doc. 17) be granted, but that the dismissal be without prejudice.[4]

Respectfully submitted,

                                          s/ Dennis H. Inman
                                        United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).